# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO JULIO BELTRAN,<br><br>        Petitioner,<br><br>    v.<br><br>ROBERT H. TRIMBLE, Acting Warden,<br><br>        Respondent. | NO. CV 10-09619 JHN (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br><br>**CONCLUSIONS AND RECOMMENDATIONS**<br><br>**OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation ("R&R"). After the Report and Recommendation issued, Petitioner filed a document entitled "Objection to Motion to Dismiss," which the Court construes as Objections to the Report (the "Objections"). After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. However, the Court addresses below new factual contentions and arguments raised in the Objections.

In the Objections, Petitioner contends that he is entitled to equitable tolling because he was "on lock-down status from January 2010 to March 2010." (Objections at 2). Petitioner states that he "had the opportunity to visit the law library for research twice" in April of 2010, but that "there was not a [S]panish speaking person that could assist [him]." (Id.). Petitioner attached declarations from fellow prisoners, Emiliano Lopez ("Lopez") and Ronald Everett ("Everett") to the Objections. Lopez states that the prison hired him to assist Spanish speaking inmates in the law library in 2008, but that he was "un-assigned" from the law library in March of 2010. (Id., Exh. B, Declaration of Emiliano Lopez). Everett states that he assisted Petitioner "after [Petitioner] came off of lockdown" and filed the instant Petition on his behalf in November 2010. (Id., Exh. B., Declaration of Ronald Everett).

Petitioner is not entitled to equitable tolling for two independent reasons: (1) he has not demonstrated that he diligently pursued his rights; and (2) he has not demonstrated that an extraordinary circumstance actually prevented his timely filing of the instant Petition. As noted in the Report, Petitioner's conviction became final on July 21, 2009. (R&R at 6). However, Petitioner fails to allege that he took any actions at all to file a habeas petition until at least January of 2010. (See Objections at 1-4). The Objections fail to identify any barrier to filing the Petition from July to December of 2009, i.e., for approximately five months. (See id.). The Lopez and Everett declarations only address events beginning in January 2010. (See id., Exh. B, Declaration of Emiliano Lopez, Declaration of Ronald Everett).

Thus, the Court concludes that Petitioner is not entitled to equitable tolling because he has not demonstrated that he diligently pursued his rights from the time his conviction became final on July 21, 2009 until the first lockdown began in January of 2010. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[The petitioner] has also failed to show that he has been diligently pursuing his rights. . . . Indeed, he fails to make any specific allegation what he did to pursue his claims and complain about his situation. While he asserts that he relied on whatever volunteer assistance he could find to file in a timely and diligent manner, the fact that an inmate law clerk was assisting in drafting the state petition does not relieve him from the personal responsibility of complying with the law." (internal quotation marks, brackets, and citation omitted)); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) ("[E]ven if [the petitioner] may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA deadline. If diligent, [the petitioner] could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . ."). Accordingly, Petitioner fails to satisfy the diligence prong of the equitable tolling test.

Petitioner has also failed to demonstrate that an extraordinary circumstance actually prevented his timely filing of the instant Petition. As an initial matter, ordinary prison conditions such as temporary restrictions on access to the law library do not constitute extraordinary circumstances sufficient to justify equitable tolling. (See R&R at 8); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Given even the most common day-to-day security restrictions in prison,

concluding otherwise would permit the exception to swallow the rule - according to [the petitioner's] theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well."). Petitioner complains about a lack of Spanish language assistance in the law library in April of 2010, but the Lopez declaration demonstrates that Petitioner could have obtained Spanish language assistance in the law library through March of 2010. (Objections, Exh. B, Declaration of Emiliano Lopez). Thus, Petitioner has failed to show that a lack of Spanish language assistance actually prevented his timely filing of a petition.

Moreover, the Everett declaration states that Everett assisted Petitioner after the lockdown ended and filed the instant Petition in November 2010. (Objections, Exh. B., Declaration of Ronald Everett). This declaration demonstrates that assistance was available from other prisoners and that Lopez was not Petitioner's only option. To the extent Everett's declaration references lockdowns, it only describes events in 2010. (Id.). Again, however, this declaration fails to explain why Petitioner did not seek assistance from Everett or another inmate from July to December of 2009, before the first lockdown began. Moreover, as the lockdown was over by March 2010, the Everett declaration does not explain why Everett or Petitioner waited until November 2010 to file the instant Petition. Again, these facts fail to show that Petitioner's "lack of assistance" was an impediment to timely filing his Petition, as assistance was available within the limitations period.

In sum, Petitioner has failed to demonstrate that an extraordinary circumstance actually prevented his timely filing of the instant Petition and has only described ordinary prison conditions. Petitioner could have obtained assistance if he took action prior to January of 2010. See Chaffer, 592 F.3d at 1049 ("[The petitioner] alleges that his pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions justified the delay; however, these circumstances are hardly extraordinary given the vicissitudes of prison life, and there is no indication in the record that they made it 'impossible' for him to file on time."); Waldron-Ramsey, 556 F.3d at 1013-14 (denying equitable tolling based on lack of access to documents because "[the petitioner] d[id] not point to specific instances where he needed a particular document, could not have kept that document within his permitted three boxes had he been cooperative, and could not have procured that particular document when needed."). Accordingly, Petitioner fails to satisfy the extraordinary circumstance prong of the equitable tolling test. Because Petitioner has failed to demonstrate both: (1) that he diligently pursued his rights, and (2) that an extraordinary circumstance actually prevented his timely filing of the instant Petition, he is not entitled to equitable tolling.

\\
\\
\\
\\
\\
\\
\\

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 28, 2011

_____
JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE